**BARBARA PEARCE**
4433 S. 34th Street
Greenfield, WI 53221

        Plaintiff,

Case No. 19-CV-1867

vs.

**AURORA HEALTH CARE, INC.**
**LONG TERM DISABILITY PLAN**
Registered Agent:
System VP of Total Rewards and HR Administration
Aurora Health Care
PO Box 340200
705 W. Virginia Street
Milwaukee, WI 53204-0200

        and

**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY,**
Registered Agent:
CT Corporation System
301 S. Bedford Street, Ste. 1
Madison, WI 53703

        Defendants.

## COMPLAINT

The Plaintiff, Barbara Pearce, by Hawks Quindel, S.C., for her complaint against the above-named Defendants, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Greenfield, Wisconsin.

2. Defendant, Hartford Life and Accident Insurance Company, ("The Hartford"), on information and belief, is a corporation organized under the laws of the State of Connecticut, licensed to do business in Wisconsin.

3. Defendant, Aurora Health Care, Inc. Long Term Disability Plan ("the Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, and has been in effect since at least January 1, 2017 and continues to the present time.

4. On information and belief, The Hartford administers long-term disability insurance plans for Aurora Health Care, Inc.

## JURISDICTION & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

8. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

9. Plaintiff is a former Certified Nursing Assistant for Aurora Health Care, Inc.

10. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

11. Plaintiff ceased working on August 25, 2017 due to disabling knee, back, neck, and shoulder pain.

12. Aurora Health Care, Inc. terminated Plaintiff's employment on October 16, 2017 because she could not continue working.

13. Plaintiff's gross LTDI benefit is worth $1,861.60 per month.

14. Plaintiff has been awarded SSDI benefits.

15. The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute Plaintiff's claim for LTDI benefits.

16. Defendants denied Plaintiff's LTDI benefits claim, alleging Plaintiff's LTDI coverage ended prior to her date of disability.

17. Plaintiff timely appealed Defendants' denial of her benefits claim.

18. As part of her appeal, Plaintiff submitted a Functional Capacity Evaluation which concluded she is unable to perform even a sedentary occupation due to her medical conditions.

19. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal, including documentation that she became disabled before her LTDI coverage ended.

20. Plaintiff submitted all information requested by the Defendants.

21. Defendants failed to consider the issues raised in Plaintiff's appeal.

22. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

23. Defendants did not perform a "full and fair review" of Plaintiff's claim.

24. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

25. Defendants failed to adequately explain why it rejected specific evidence in Plaintiff's file.

26. Defendants failed to engage in a meaningful dialogue with Plaintiff.

27. Defendants failed to adequately explain its reasons for denying Plaintiff benefits.

28. Defendants conducted a selective review of Plaintiff's medical records.

29. Defendants failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

30. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

31. At all times material to this case, the Plan has remained in full force and effect.

32. Defendants' denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF**
**SECTION 502(a)(1)(B) OF ERISA**

33. The preceding paragraphs are reincorporated by reference as though set forth here in full.

34. Plaintiff has been and remains disabled, as that term is defined by the Plan.

35. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

36. Defendants wrongfully denied LTDI benefits due to Plaintiff.

37. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits.

38. Defendants interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

39. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plan from one case to the next.

40. Defendants' denial of Plaintiff's LTDI benefits was "downright unreasonable."

41. For these and other reasons, Defendants wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Barbara Pearce, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: this 20th day of December, 2019

**HAWKS QUINDEL, S.C.**

By: */s/ Danielle M. Schroder*
Danielle M. Schroder, State Bar No. 1079870
Email: dschroder@hq-law.com
Jessa L. Victor, State Bar No. 1099144
Email: jvictor@hq-law.com
409 East Main Street
P.O. Box 2155

6

Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236
Attorneys for Plaintiff, Barbara Pearce